Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite 808
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| EDWARD ODQUINA, | ) Civil Action No. _____ |
|  | ) |
|  | ) **COMPLAINT FOR VIOLATION** |
|  | ) **OF FEDERAL CIVIL RIGHTS** |
| Plaintiff, | ) **UNDER 42 U.S.C. §1983,** |
|  | ) **DECLARATORY AND** |
| v. | ) **INJUNCTIVE RELIEF** |
|  | ) |
| HONOLULU COUNTY, and | ) |
| HOLLY T. SHIKADA, in her | ) |
| Official Capacity as the Attorney General | ) |
| of the State of Hawaii | ) |
|  | ) |
|  | ) |
| Defendants | ) |
| _____ | ) |

## VERIFIED COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

COME NOW the Plaintiff, EDWARD ODQUINA by and through his undersigned counsel, and complains of the Defendants as follows:

## I.    PARTIES

**Plaintiff**

1.     Plaintiff Edward Odquina (Odquina) is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States.

**Defendants**

2.     Defendant City and County of Honolulu ("City") is a municipal corporation incorporated under the laws of the State of Hawaii. The City is authorized by law, under HRS 249, et seq, and other Hawaii revised statutes and Revised Ordinances of Honolulu, through its departments and agencies, to issue specialty license plates for vehicles. The County is therefore ultimately responsible for the departments of finance and customer services and their actions, and therefore, must assume the risks incidental to the maintenance of those agencies and departments, their employees, laws, customs and policies. The County can be served by serving the Department of the Corporation Counsel, County of Honolulu, 530 South King Street, Honolulu, Hawaii 96813.

3.     Defendant Holly T. Shikada is the Attorney General of the State of Hawaii ("State") and is sued in her official capacity, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii

and the Hawaii Revised Statutes as they pertain to the issuance of specialty vehicle license plates. Defendant Shikada may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

## II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

5.    Venue lies in this Court pursuant to 28 U.S.C. § 1391.

6.    Mr. Odquina brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983, for the violation of rights secured by the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment.

## III.    STATEMENT OF LAW

**1st Amendment**

7.    The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

8.    Hawaii Revised Statutes, 249 et seq, provides that vehicle license plates are issued for each vehicle.  State, through the Hawaii Revised Statutes, has different programs for license plates that convey a governmental message,

such as support for the Haleakala National Park and Volcanoes National Park, see HRS 249-9.5, as well as support for the Polynesian Voyaging Society and Environmental Conservation, see HRS 249-9.6 and 9.7. Additionally, the State, through Hawaii Revised Statutes, allows for specifically identified persons to have license plates associated with a status specific to the person, such as military service, which has to be proven, see HRS 249-9.2.

Finally, State, through Hawaii Revised Statutes 249-9.1, allows for personalized free speech messages conveyed through license plates assigned to vehicles, specifically "The special number plates shall conform to the requirements provided for the uniform number plates except that the owner may request the choice and arrangement of letters and numbers. The maximum number of letters and numbers shall be six and only one hyphen will be allowed in addition to and in lieu of the six letters and numerals. No other punctuation marks shall be allowed. The director of finance shall not issue special number plates which have the letter and numeral combination of regular plates, are misleading or publicly objectionable." Hawaii Revised Statutes, 249 et seq, assign County the responsibility of contracting for license plates, collecting taxes for each vehicle, and the issuance of specialty license plates including personalized license plates under HRS 249-9.1. Hawaii Revised Statutes 249-9.3 provides an application process for those groups

wishing to have the government approve a specialty license plate design which others could purchase as a background for their license plate.

9. *Walker v. Texas Div., Sons of Confederate Veterans, Inc.,* 135 S. Ct. 2239 (2015) provides that the government may control the message the *government* sends with regard to license plate designs that would be available for large groups of vehicle owners who wish to support that general message, but not for individually specialized plates for an individual driver.

10. Hawaii Revised Statutes 249-9.1 provides "The director of finance shall adopt rules pursuant to chapter 91 to carry out this section." County has no publicly available rules adopted pursuant to chapter 91 (HRS), see https://www.honolulu.gov/budget/, and https://www.honolulu.gov/cms-ocs-menu/site-ocs-sitearticles/839-table-of-contents.html, last accessed on August 24, 2022.

11. *Iancu v. Brunetti,* 139 S.Ct. 2294 (2019) provides that "…a law disfavoring 'ideas that offend' discriminates based on viewpoint, in violation of the First Amendment."

## FACTUAL ALLEGATIONS
## PLAINTIFF'S FREE SPEECH INTERESTS

12. Odquina owns a motor vehicle, a car, and applied for, paid for and was approved to receive a personalized specialty license plate for his car

with the lettering combination "FCKBLM" on or about January 5, 2021, see attached redacted digital snapshot of the transaction attached as Exhibit 1.

13.     Odquina later took physical possession of the license plate "FCKBLM" and attached it to his vehicle.

14.     Odquina's vehicle bearing the license plate "FCKBLM" was appropriately registered, insured and all applicable taxes were paid at the time the "FCKBLM" license plate was provided to Odquina.

15.     "BLM" is an acronym for the group Black Lives Matter.  BLM was founded in 2013 in response to the death of Trayvon Martin.  Trayvon Martin was a black seventeen year old who lived in Florida and who, in 2012, encountered a Mr. Zimmerman.  Zimmerman was a volunteer neighborhood watchman.   Zimmerman called the police and told police that Martin was a suspicious person.  Zimmerman and Martin encountered each other, there was an altercation and Zimmerman shot martin killing him.  Zimmerman was later acquitted of second degree murder and manslaughter charges claiming self-defense.   Generally speaking, BLM is characterized as being known as focusing on perceived racism, police brutality and structural racism.  It claims to be decentralized.  In 2013, following the death of George Floyd, another black man, who died while being arrested and for which later several police officers were charged and convicted, there were nationwide protests.  BLM

became very well known across the country and became associated, rightly or wrongly, with the massive and widespread protests and the significant violence and riots associated with the protests that caused numerous deaths and billions of dollars worth of damage. BLM is a polarizing group. Statements, stances, beliefs, and goals associated with BLM have been widely known throughout the U.S. Odquina vehemently disagrees with BLM's publicly stated positions and positions associated with it, including but not limited to, defunding police departments and its assertions that many or all police officers and the criminal justice system itself, are inherently racist and violent to minorities, specifically black Americans.

16.    Odquina started and incorporated the business "Film Consulting KravMAGA Bloomberg, LLC" on August 13, 2021 in Hawaii and intended to use the acronym "FCKBLM" to advertise that business. Odquina also has a website for the business, www.FCKBLM.org. Odquina is so opposed to the policies and statements of BLM that he sought the "FCKBLM' license plate to also convey his personal opinion and exercise his free speech rights. BLM has caught the attention of politicians recently and in certain places has received either permission to display their motto, colors, flag and associated messages or the government itself has displayed such messages and has thus received considerable governmental approval and has been able to convey and

deliver its messages widely. See https://www.nbcboston.com/news/local/massive-black-lives-matter-display-approved-for-street-in-front-of-vt-capital/2142367/, Vermont capital approves BLM display, https://abc7news.com/black-lives-matter-sfpd-blm-poste/6368265/, BLM sign to be posted at every San Francisco police station, https://www.foxnews.com/politics/biden-state-department-blm-flag, U.S. State Department allows BLM flag to be flown at embassies because it supports the BLM message, https://www.govexec.com/management/2020/07/federal-employees-may-wear-or-display-black-lives-matter-paraphernalia-work/166956/, under the Hatch Act federal employees may wear BLM insignia because BLM is not electoral campaign based but is issue based, all accessed last on August 24, 2022.

17.    After he applied for the "FCKBLM" plate but before Odquina received his plates, he received a telephone call and a County employee asked him what the plate meant and Odquina verbally explained that "FCKBLM" was an acronym for his business.  County employee explained that the plate had been flagged and after that conversation, Odquina later received his "FCKBLM" license plates.  On July 6, 2021 a letter was sent to Odquina informing him

that the license plate "FCKBLM" had been recalled because it was "objectionable".

18.     On August 7, 2021 Francis Kau, a licensing administrator with County Department of Customer Services left a phone message with Odquina informing him that the "FCKBLM" license plate had been recalled.  See Exhibit 2 a letter from Kau relating that the phone message had been left.

19.     On August 11, 2021, Francis Kau, a licensing administrator with County Department of Customer Services delivered a letter to Odquina informing him that license plate "FCKBLM" had been recalled.  See Exhibit 2.  The letter informed Odquina that the license plate "FCKBLM" had been recalled because "Your personalized special license plate has been determined to be publicly objectionable due to an implied expletive in the first three combination of letters on the license plate."

20.     On June 30, 2022 County Department of Corporation Counsel delivered a letter to Odquina informing him that County "has been authorized to take legal action against you for your failure to surrender the special number plates issued to you with the letters "FCKBLM", and "The Department of Customer Services, City and County of Honolulu informed you on numerous occasions that the "FCKBLM" plates are "publicly

objectionable," and accordingly are in violation of section Haw. Rev. Stat§ 249-9.1."

21.     Odquina has not been able to register his vehicle, which must be done annually, since mid 2021, and since County has not allowed him to renew his registration and recalled the license plate "FCKBLM" he is subject to citation, seizure of his personal property, his car, and impoundment of his vehicle should he drive his vehicle on a public road and his vehicle may later be sold. He also has not been able to advertise his business.

22.     County has authorized and threatened legal action against Odquina. See  https://www.kitv.com/news/honolulu-city-council-authorizes-lawsuit-against-owner-of-fckblm-license-plates/article_36172426-2383-11ed-846b-2b3193336402.html, last accessed August 25, 2022.

23.     There is a telephone number for County to receive complaints regarding license plates.

**COUNT I**

**U.S. CONST., AMEND. I**

24.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein;

25.     Odquina has very strong beliefs and views including political beliefs and views and he wishes to express his views through a personalized license plate for a vehicle he owns and a business he started.

26. Hawaii law allows owners of vehicles to, subject to additional processes and fees, acquire, own and display on their vehicle, a license plate that conveys a governmentally approved government message such as "Haleakala National Park" or environmental conservation.  Additionally, Hawaii laws permit a person to, with appropriate fees, process and proof, through HRS 249-9.2, display a vehicle license plate that conveys a message to the public that the State of Hawaii has approved to convey the message that the owner of the vehicle possesses certain characteristics, specifically limited to plates that show or are described as follows:

  (1) Purple heart recipients shall include the words "COMBAT WOUNDED";

    (2)  Veterans shall include the word "VETERAN";

    (3)  Pearl Harbor survivors shall include the words "PEARL HARBOR SURVIVOR";

    (4)  Former prisoners of war shall include the words "FORMER PRISONER OF WAR";

    (5)  Combat veterans shall include the words "COMBAT VETERAN";

(6)  Veterans of the Vietnam conflict shall include the words "VIETNAM VETERAN";

(7)  Veterans of the Korean conflict shall include the words "KOREA VETERAN";

(8)  Veterans of World War II shall include the words "WORLD WAR II VETERAN";

(9)  Veterans of the Persian Gulf conflict shall include the words "PERSIAN GULF VETERAN"; and

(10)  Gold star family members, including grandparents, shall include the words "GOLD STAR FAMILY".

27. Finally, the State of Hawaii allows owners of vehicles to deliver their own personalized individual message through a vehicle license plate through a combination of letters and numbers, six in total, that are arranged in such a way so as to convey a message, which could include almost anything such as "BOB CAR" or "LUV TEA".  See HRS 249-9.1.  Apart from the limitation of six numbers or letters, the owner of the vehicle can request any combination, provided that the combination is not "misleading or publicly objectionable".  HRS 249 et seq does not provide any definition of what qualifies as "misleading or publicly objectionable".  Neither the Hawaii Revised Statutes, nor the Hawaii Administrative code, nor the Revised

Ordinances of Honolulu, nor HRS Chapter 91 promulgated rules by the
County Director of Finance provide any guidance, let alone specific
guidelines, to State or County with regard to what is "misleading or publicly
objectionable".

Despite not having any official rules or guidance, on County's
website, https://www.honolulu.gov/cms-csd-menu/site-csd-
sitearticles/42896-personalized,-specialty-license-plates.html, last accessed
September 7, 2022, under the link for "personalized license plates" there is a
pdf document, that is unattributed and unauthored, but which states "A
Motor Vehicle Registration Branch review staff will reject requests for
personalized license plates with letter and number combinations that are
deemed to be potentially offensive to good taste and decency.", and "All
personalized license plate requests get a first-round review. The ones
deemed questionable get flagged for additional scrutiny.", and "Forbidden
phrases include terms of lust, depravity, prejudice, hostility, contempt and
profanity in English or any other language.", and "Motorists who are
applying for personalized license plates must follow state government
guidelines prohibiting lewd, obscene or hateful language.", and "Motorists
requesting personalized plates have to explain on the application the
meaning of the phrase they want." See Exhibit 3.  There is no paperwork

associated with any personal explanation for any license plate.  Apparently,
an unrecorded telephone call is the process for an explanation, after initial
review, though this is nowhere stated.  Furthermore, the county personalized
license plate eligibility and reservation website,
https://www12.honolulu.gov/specialplates, last accessed September 7, 2022,
where a person can determine if the combination has already been issued,
does not have any place to explain the meaning of the plate. That website,
once an available combination has been input, warns "The Customer
Services Department reserves the right to reject an application at any time
for any reason.  Recipients of approved special plates will receive a
notification within 60 to 90 days instructing you of how you may pick up
your special plate."

28. Personalized license plate configurations reflect the applicant's personal
expression. Thus, Hawaii Revised Statutes § 249-9.1 restricts an individual's
First Amendment free speech rights.

29. Hawaii's regulation on personalized license plate configurations that are
"misleading or publicly objectionable" imposes content-based and
viewpoint-based restrictions on speech. Because personalized license plates

exist as a forum of expression for the plate's holder, the regulation is subject to strict scrutiny.

30. Odquina's messages include one that is strong, personal, and others may find it offensive and the first amendment protects messages that are strong, personal and that others may find offensive.  His intent to advertise is tied to grabbing a viewer's attention and a person being inquisitive about its meaning when seeing the plate.

31. Hawaii's regulation on personalized license plate configurations that are "misleading or publicly objectionable" is not narrowly tailored to any compelling governmental interest.

32. Even if a lesser standard of review, such as reasonableness review applies, Hawaii's regulation on personalized license plate configurations that are "misleading or publicly objectionable" is invalid under the First Amendment.

33. Hawaii's regulations on personalized license plate configurations forces the County to make inconsistent and subjective decisions about which license plate configurations are prohibited under HRS §249-9.1.

34. County officials enforcing HRS §249-9.1 determine the meaning of configurations based on the official's own subjective judgments about the meaning as well as current public opinion as evidenced by media attention.

35. Because H.R.S.§ 249-9.1 imposes a vague ban on "misleading and publicly objectionable" license plate configurations, the regulation allows County decisionmakers to discriminate on the basis of viewpoint.

36. Because it imposes a categorical ban on personalized license plate configurations that are "misleading or publicly objectionable" H.R.S. §249-9.1 is facially overbroad.

37. Because there are no definitions and no guidance, H.R.S. §249-9.1 is void for vagueness.  The unofficial guidance is vague and overbroad.

38. County and State currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Odquina of his right to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

39. Odquina has no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an

injunction restraining the County and State's enforcement of the regulations complained of in this action. Odquina is therefore entitled to declaratory and permanent injunctive relief against the continued enforcement and maintenance of the State and County's unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## H.R.S. §249-9.1 VIOLATES THE FIRST AMENDMENT AS APPLIED TO ODQUINA

40. Odquina incorporates the allegations in the preceding paragraphs.

41. County's decision to recall a specialized license plate with the personalized configuration of "FCKBLM" violates the First Amendment.

42. The message of "FCKBLM" is a personal expression of free speech and conveys displeasure and dislike of an organization and its messages, goals, beliefs and stances and seeks to receive interrogatory to further a business simultaneously.

43. County recalled the license plate "FCKBLM', after initially issuing it, and then media coverage and political response to the perceived message brought County council to target Odquina.

44. "FCKBLM" publicly expresses displeasure with an organization, Black Lives Matter, and its messages and is the personal opinion and free speech expression of Odquina. Privately the plate pertains to a business.

45. County recalled and disallowed further renewal of registration of license plate "FCKBLM" without any evidence of any alleged or supposed harm.

46.   County and State have no evidence that the recall of "FCKBLM" and the ban of license plate configurations that are "misleading or publicly objectionable" furthers any legitimate governmental interest.

47.  County and State currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Odquina of his right to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. Odquina has no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent a temporary restraining order and a preliminary injunction restraining County and State's enforcement of the regulations complained of in this action. Odquina is therefore entitled to declaratory and permanent injunctive relief

against continued enforcement and maintenance of County and State's

unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## H.R.S. §249-9.1 VIOLATES THE FIRST AMENDMENT FACIALLY

49. Odquina incorporates the allegations in the preceding paragraphs.

50. County's decision to recall a specialized license plate with the

personalized configuration of "FCKBLM" violates the First Amendment and

proves that the statute, when applied correctly by County, violates the First

Amendment. County also employs its own subjective policy.

51. The message of "FCKBLM" is a personal expression of free speech and

conveys displeasure and dislike of an organization and its messages, goals,

beliefs and stances and is an example of free speech that is captured, covered

by and unconstitutionally by HRS 249-9.1.

43. County recalled the license plate "FCKBLM', after initially issuing it,

showing that the statute can be applied to prohibit free speech on a whim.

44. "FCKBLM" expresses displeasure with an organization, Black Lives

Matter, and its messages and is protected free speech and HRS 249-9.1

allows State and County to silence free speech for any reason including that

County and or State do not agree with the message.

45. County recalled and disallowed further renewal of registration of license plate "FCKBLM" without any evidence of any alleged or supposed harm and the statute does not require any analysis of actual harm and offensive messages are not harm that allows the government to prohibit the free speech exercise and conveyance of those messages.

46.   County and State have no evidence that the ban of license plate configurations that are "misleading or publicly objectionable" furthers any legitimate governmental interest.

47.  County and State currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive persons of their rights to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. Motorists and applicants seeking personalized license plates have no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining County and State's enforcement of the regulations complained of in this action. Odquina is therefore entitled to declaratory and permanent injunctive

relief against continued enforcement and maintenance of County and State's unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays for judgment from this Court as follows:

1. Declare Hawaii Revised Statutes§ 249-9.1, facially and as applied to Plaintiff, unconstitutional under the First Amendment and Fourteenth Amendment.

2. Enjoin Defendants, their employees, agents, successors, assigns, and all persons acting in concert with them, from continuing to enforce the ban on personalized license plate configurations that are "misleading or publicly objectionable" contained in Hawaii Revised Statutes, § 249-9.1, as well as any and all implementing administrative rules and regulations, and practices and policies by which Defendants enforce, the provision against Plaintiff or any other person.

3. Award Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

4. Award nominal damages.

5. Award compensatory damages.

6. Grant such other relief that this Court deems just and proper.

Dated: September 9, 2022.

Respectfully submitted,

/s/ Kevin O'Grady
Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite 808
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com
Attorney for Plaintiff

## VERIFICATION

I, Edward Odquina, declare as follows:

1. I am the Plaintiff in the present case and a citizen of the United States of America.

2 . I have personal knowledge of myself, my activities, and my intentions , including those set out in the forgoing *Verified Complaint for Declaratory and Injunctive Relief,* and if called on to testify, I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of

America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself. my activities and my intentions are true and correct.

Executed on September 9, 2022

EDWARD ODQUINA