DEPARTMENT OF THE CORPORATION COUNSEL

DANA M.O. VIOLA         6095
Corporation Counsel
DANIEL M. GLUCK         7959
JUSTIN M. LUNEY         10848
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone: (808) 768-5233 / (808) 768-5238
Facsimile:  (808) 768-5105
E-Mail:     daniel.gluck@honolulu.gov
            justin.luney@honolulu.gov

Attorneys for Defendant
  City and County of Honolulu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EDWARD ODQUINA,<br><br>              Plaintiff,<br><br>     vs.<br><br>HONOLULU COUNTY, and HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaii,<br><br>              Defendants. | CIVIL NO. 22-CV-00407-DKW-WRP<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO PLAINTIFF'S COMPLAINT FILED ON SEPTEMBER 9, 2022 (ECF No. 1); COUNTERCLAIM AGAINST PLAINTIFF EDWARD ODQUINA; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE<br><br>Trial Date:  None<br>Judge:  Hon. Derrick K. Watson |

# DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO PLAINTIFF'S COMPLAINT FILED ON SEPTEMBER 9, 2022

Defendant City and County of Honolulu ("City"), by and through its attorneys, the Department of the Corporation Counsel, Dana M.O. Viola, Corporation Counsel, and Deputies Corporation Counsel Daniel M. Gluck and Justin M. Luney, answers Plaintiff's Complaint filed on September 9, 2022 ("Complaint") as follows:

## FIRST DEFENSE

1. Plaintiff Edward Odquina ("Plaintiff") fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

## ADMISSIONS AND DENIALS

2. This Answer uses the headings in Plaintiff's Complaint for organizational purposes only. To the extent there are allegations contained therein, the City denies those allegations.

## I. PARTIES

**Plaintiff**

3. With respect to the allegations contained in paragraph 1 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

**Defendants**

  4. With respect to the allegations contained in paragraph 2 of the Complaint, the City admits that it is a municipal corporation incorporated under the laws of the State of Hawaiʻi. The City also admits that it can be served by serving the Department of the Corporation Counsel at 530 South King Street, Honolulu, Hawaiʻi 96813. The remainder of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

  5. The allegations in contained in paragraph 3 are directed to defendants other than the City, to which no response is required. This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

## II.  JURISDICTION AND VENUE

  6. The allegations contained in paragraph 4 contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

  7. The City admits the allegations contained in paragraph 5.

  8. With respect to the allegations contained in paragraph 6, the City admits that Plaintiff purports to bring this lawsuit pursuant to 42 U.S.C. § 1983. The remaining allegations in this paragraph are denied.

9. With respect to the allegations contained in paragraph 7, the First Amendment speaks for itself, such that no response is required.

10. With respect to the allegations contained in paragraph 8, the various statutes speak for themselves. The allegations of this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

11. With respect to the allegations contained in paragraphs 9 and 11, the Supreme Court cases speak for themselves. The remaining allegations of these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

12. With respect to the allegations contained in paragraph 10, the statute and websites speak for themselves. The City denies the allegations of this paragraph to the extent they suggest that the City has not adopted rules pursuant to chapter 91 specific to personalized license plates, as the City has adopted such rules. To the extent there are any remaining allegations in this paragraph, denied.

### III.  FACTUAL ALLEGATIONS

### PLAINTIFF'S FREE SPEECH INTERESTS

13. With respect to the allegations contained in paragraph 12, the City admits that Plaintiff owns a car, that a car is a motor vehicle, and that Plaintiff applied for and paid for a personalized specialty license plate for his car with the

lettering combination "FCKBLM" on or about January 5, 2021.  Plaintiff's application was approved, but the approval did not occur on January 5, 2021, and on that basis the allegation is denied.  To the extent there are any additional allegations in this paragraph, denied.

14. The City admits the allegations contained in paragraphs 13 and 14.

15. With respect to the allegations contained in paragraph 15, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

16. With respect to the allegations contained in paragraph 16, the documents cited speak for themselves.  The allegations of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all allegations.

17. The City admits that the letter is dated July 6, 2021, but has insufficient knowledge or information as to the truth or falsity of the allegation that the letter was sent on this date, and therefore denies the allegation.  The City admits the remaining allegations contained in paragraph 17.

18. With respect to the allegations contained in paragraphs 18 and 19, the letter attached as Exhibit 2 to Plaintiff's Complaint speaks for itself.  The City has

insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all allegations.

19. With respect to the allegations contained in paragraph 20, the City admits that on June 30, 2022, the Department of the Corporation Counsel sent a letter by U.S. mail and certified mail to Plaintiff, stating, in relevant part: "The Department of the Corporation Counsel, City and County of Honolulu, has been authorized to take legal action against you for your failure to surrender the special number plates issued to you with the letters 'FCKBLM'" and "The Department of Customer Services, City and County of Honolulu informed you on numerous occasions that the FCKBLM plates are 'publicly objectionable,' and accordingly are in violation of section Haw. Rev. Stat. § 249-9.1." The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies the remaining allegations contained in paragraph 20.

20. With respect to the allegations contained in paragraph 21, the City admits that Plaintiff has not been able to register his vehicle and has recalled the FCKBLM license plate. The City has insufficient knowledge or information as to the truth or falsity of the allegation that Plaintiff has been unable to advertise his business, and therefore denies this allegation. The allegations of this paragraph

contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

21. With respect to the allegations contained in paragraph 22, the City admits that the City Council has authorized legal action against Plaintiff. The document cited speaks for itself. The City denies any remaining allegations.

22. With respect to the allegations contained in paragraph 23, the City admits that the City can receive complaints via telephone regarding license plates. To the extent this paragraph contains any further allegations, denied.

## COUNT I
## U.S. CONST., AMEND. I

23. With respect to the allegations contained in paragraph 24, the City incorporates by reference the answers to paragraphs 1 through 23 as if set forth here in full.

24. With respect to the allegations contained in paragraph 25, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

25. With respect to the allegations contained in paragraph 26, HRS § 249-9.2 speaks for itself. The City admits that it offers specialized license plates, including plates for Haleakala National Park. The remaining allegations in this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

26. With respect to the allegations contained in paragraph 27, HRS § 249-9.1 speaks for itself. The allegation that rules promulgated by the City pursuant to HRS chapter 91 provide no guidance is denied. The Revised Ordinances of Honolulu, Hawaiʻi Administrative Rules, and the Hawaiʻi Revised Statutes speak for themselves. The City's websites, and documents therein, speak for themselves. The City denies the allegation that "There is no paperwork associated with any personal explanation for any license plate." The City admits that Department of Customer Services employees speak with some applicants via telephone regarding their personalized license plate applications. To the extent there are any remaining allegations in this paragraph, denied.

27. Paragraph 28 contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

28. Paragraph 29 contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

29. With respect to the allegations contained in paragraph 30, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

30. Paragraphs 31, 32, and 33 contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

31. The City denies the allegations contained in paragraph 34.

32. Paragraphs 35, 36, 37, 38, and 39 contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

33. To the extent the heading between paragraphs 39 and 40 is an allegation, it contains a conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

34. With respect to the allegations contained in paragraph 40, the City incorporates by reference the answers to paragraphs 1 through 39 and all headings, as if set forth here in full.

35. Paragraphs 41 and 42 contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

36. With respect to the allegations contained in paragraph 43, the City admits that it recalled the license plate FCKBLM after issuing it to Plaintiff. The City denies the remaining allegations.

37. With respect to the allegations contained in paragraph 44, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations. This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

38. With respect to the allegations contained in paragraph 45, the City admits that it recalled the FCKBLM plate and prohibited Plaintiff from renewing his registration. It is unclear what Plaintiff means by the remaining allegations of this paragraph, and on that basis, those allegations are denied.

39. The City denies the allegations contained in paragraph 46.

40. Paragraphs 47 and 48 contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The cited statutes speak for themselves.

41. To the extent the heading between paragraphs 48 and 49 is an allegation, it contains a conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

42. With respect to the allegations contained in paragraph 49, the City incorporates by reference the answers to paragraphs 1 through 49 and all headings, as if set forth here in full.

43. Paragraph 50 contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The City denies the allegation that it employs a subjective policy.

44. With respect to the allegations contained in paragraph 51, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations. This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

45. Plaintiff's Complaint proceeds with allegations in paragraphs numbered 43 to 48, despite having used those paragraph numbers earlier in the Complaint. The City refers to those as "second paragraph 43," "second paragraph 44," and so on, below.

46. With respect to the allegations contained in the second paragraph 43, the City admits that it recalled the license plate FCKBLM after issuing it to Plaintiff. The City denies the remaining allegations.

47. With respect to the allegations contained in the second paragraph 44, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations. This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is

required. To the extent a response is deemed required, denied. The allegations in contained in the second paragraph 43 are directed to defendants other than the City, to which no response is required.

48. With respect to the allegations contained in the second paragraph 45, the City admits that it recalled the FCKBLM plate and prohibited Plaintiff from renewing his registration. It is unclear what Plaintiff means by the remaining allegations of this paragraph, and on that basis, those allegations are denied. This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

49. The City denies the allegations contained in the second paragraph 46.

50. The second paragraph 47 and the second paragraph 48 contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The cited statutes speak for themselves.

**PLAINTIFF'S REQUESTED RELIEF**

51. The remaining paragraphs of Plaintiff's Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, the City denies that Plaintiff is entitled to any relief.

52. The City denies any and all allegations not expressly admitted herein to which a response is deemed required.

### THIRD DEFENSE

53. The City gives notice that it may rely on the defense that Plaintiff lacks standing.

### FOURTH DEFENSE

54. The City gives notice that it may rely on the defense of unclean hands and that the Plaintiff's conduct involved was illegal.

### FIFTH DEFENSE

55. The City gives notice that it may rely upon the affirmative defense that Plaintiff failed to mitigate his damages, if any.

### SIXTH DEFENSE

56. The City intends to rely on the defense that any and all defendants have immunity.

### SEVENTH DEFENSE

57. The City intends to rely on the defense that each cause of action must fail against any and all defendants because they were fulfilling their duties as provided by law.

### EIGHTH DEFENSE

58. The City intends to rely on the defense that its employees acted at all times in good faith, without malice, or within the scope of their duties as employees of the City.

## NINTH DEFENSE

59. The City is not liable under the theory of respondent superior, as such theory is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of an individual cannot be attributed to the City.

## TENTH DEFENSE

60. If the City employee or officer is immune from liability, then the employee's employer, the City, is likewise immune from liability.

## ELEVENTH DEFENSE

61. The City is not responsible to Plaintiff under any theory of imputed or vicarious liability.

## TWELFTH DEFENSE

62. If it is determined that any employee, agent, servant, appointee, or representative of the City was responsible for Plaintiff's injuries and damages, if any, such individuals' alleged acts were justifiable under the applicable law and facts of this case.

## THIRTEENTH DEFENSE

63. The City is not liable for Plaintiff's alleged injuries and/or damages on the basis of the employees' absolute and/or qualified immunity.

## FOURTEENTH DEFENSE

64. There was no policy or custom of the City which resulted in the alleged deprivation of Plaintiff's constitutional rights or other civil rights.

## FIFTEENTH DEFENSE

65. Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. § 1983 as there was no state statute, ordinance, regulation, custom, policy, practice or usage that violated Plaintiff's civil rights.

## SIXTEENTH DEFENSE

66. The City did not violate Plaintiff's rights under the First Amendment to the United States Constitution, any other constitutional provision, any provision of the Hawaiʻi Constitution, or 42 U.S.C. § 1983.

## SEVENTEENTH DEFENSE

67. Plaintiff's rights, privileges, and immunities secured under the laws and constitutions of the United States and the State of Hawaiʻi have not been violated by any alleged action or inaction of the City.

## EIGHTEENTH DEFENSE

68. The City is not liable based on the acts and omissions of its officers or agents in performing or failing to perform a discretionary function or duty.

## NINETEENTH DEFENSE

69. The City gives notice that it may rely on the defense of estoppel.

## TWENTIETH DEFENSE

70. The City acted lawfully and properly in the execution of its duty.

## TWENTY-FIRST DEFENSE

71. Plaintiff's alleged injuries were sustained as a result of his own or another third-party's wrongful and/or illegal act.

## TWENTY-SECOND DEFENSE

72. The City is not liable for the alleged injuries and/or damages to Plaintiff on any and all claims based on their alleged failure to adequately enforce statutes, ordinances, rules, regulations and/or any other applicable law.

## TWENTY-THIRD DEFENSE

73. The City and Defendants were not a substantial factor in causing any damages as may be alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

74. The City reserves all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend its Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

## TWENTY-FIFTH DEFENSE

75.     The City reserves the right to assert any affirmative or other defense which may be disclosed or become available to it during discovery or as discovery progresses.

WHEREFORE, the City respectfully requests as follows:

1. That the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of the City forthwith;

2. That the Court award the City all fees and costs recoverable herein;

3. That the Court grants all further relief in law and equity to which the City is entitled.

DATED:  Honolulu, Hawai'i, October 3, 2022.

>                     DANA M.O. VIOLA
>                     Corporation Counsel
>
>
>                     By /s/ Daniel M. Gluck
>                        DANIEL GLUCK
>                        JUSTIN M. LUNEY
>                        Deputies Corporation Counsel
>                        Attorney for Defendant
>                          City and County of Honolulu