DEPARTMENT OF THE CORPORATION COUNSEL

DANA M.O. VIOLA      6095
Corporation Counsel
DANIEL M. GLUCK      7959
JUSTIN M. LUNEY      10848
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawai'i  96813
Telephone: (808) 768-5233 / (808) 768-5238
Facsimile:  (808) 768-5105
E-Mail:  daniel.gluck@honolulu.gov / justin.luney@honolulu.gov

Attorneys for Defendant/Counterclaim-Plaintiff
  City and County of Honolulu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| EDWARD ODQUINA,<br><br>              Plaintiff,<br><br>     vs.<br><br>HONOLULU COUNTY, and<br>ANNE E. LOPEZ, in her Official<br>Capacity as the Attorney General of<br>the State of Hawaii,<br><br>              Defendants. | CIVIL NO. 22-CV-00407-DKW-WRP<br><br>**DEFENDANT CITY AND COUNTY OF HONOLULU'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** (relating to Dkt. 62, 66, 75)<br><br>Judge:  Hon. Derrick K. Watson<br><br>Hearing:  Feb. 23, 2024, 2:00 p.m.<br><br>Trial Date:  None |

**DEFENDANT CITY AND COUNTY OF HONOLULU'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT (relating to Dkt. 62, 66, 75)**

The City briefly addresses Odquina's arguments regarding viewpoint

neutrality (and law of the case); selective enforcement; and due process.

## I.    VIEWPOINT NEUTRALITY

This Court has already ruled that license plate alphanumerics are

government speech.  D.Ct. Order, Dkt. 31 at 2, 16-29.  On this basis alone, the

entirety of Plaintiff's First Amendment Complaint fails and should be dismissed

with prejudice.  Even if license plate alphanumerics are a nonpublic forum,

however, both this Court and the Ninth Circuit have already ruled that a

prohibition on profanity is viewpoint neutral.  *See* Ninth Cir. Order, Dkt. 46 at 2

("[T]he district court's denial was proper because the relevant restrictions are not

viewpoint based."); D.Ct. Order, Dkt. 31 at 2 ("[T]he government's rules

concerning nonpublic forum speech on vanity plates are reasonable and viewpoint-

neutral.").  Odquina maintains that his "strongest and most precise First

Amendment claim [is] that implied profanity is a viewpoint[.]"  Odquina's Mem.

Opp., Dkt. 75 at PDF 7.  This Court and the Ninth Circuit have held otherwise.

The entirety of his First Amendment claim fails as a matter of law.

Odquina argues that law of the case does not apply here, and that his First

Amendment claim survives, because of the different standards of review for a

motion to dismiss and a preliminary injunction.  Odquina's Mem. Opp., Dkt. 75 at PDF 8-12.  He is incorrect.  It is true that, as a general rule, "decisions on preliminary injunctions are not binding at trial on the merits."  *S. Or. Barter Fair v. Jackson Cty.*, 372 F.3d 1128, 1136 (9th Cir. 2004), *cert. denied*, 546 U.S. 826 (2005) (citation and internal quotation signals omitted).  However:  "A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . does become the law of the case for further proceedings in the trial court on remand and in any subsequent appeal."  18B Charles A. Wright *et al.*, *Fed. Prac. & Proc. Juris. 2d* § 4478.5 at 794; *see also Sherley v. Sebelius*, 689 F.3d 776, 782-83 (D.C. Cir. 2012) (collecting cases).  The legal question – whether a ban on profanity on license plates complies with the First Amendment – was fully briefed before this Court, fully briefed and argued before the Ninth Circuit, and ruled upon in unequivocal terms.  *See, e.g.*, Ninth Cir. Order, Dkt. 46 at 3 ("[T]he relevant regulations . . . are constitutionally permissible[.]")

Odquina's entire First Amendment claim rests on his mistaken belief that profanity is a viewpoint; he has not alleged any facts to suggest he has some other viewpoint being disfavored.  His claim fails as a matter of law.

## II. SELECTIVE ENFORCEMENT

Similarly, Odquina's argument about selective enforcement – to the extent he even makes such an argument – likewise fails as a matter of law.  He has not

alleged *any* facts to suggest the City treated him differently because of his viewpoint:  for example, there are no allegations that the City allowed "FCK" on license plates that (in the final three letters) referred to some other organization, while disapproving his plate with "BLM."  Instead, Odquina argues only that the City has approved other plates with negative connotations and that the City is discriminating against "FCK" as his message.  Even accepting Odquina's factual allegations as true,[1] his complaint fails as a matter of law:  a ban on profanity is not viewpoint discrimination, and Odquina has not alleged any facts to suggest he is similarly situated to someone with a different viewpoint whose plates were allowed.

## III.   DUE PROCESS

Odquina's due process argument fails as a matter of law for many reasons.

First, as set forth in the City's Memorandum in Support of its Motion to Dismiss (Dkt. 66-1 at PDF 24-25), Odquina does not have a property interest in a specific alphanumeric combination.  This is true whether license plate alphanumerics are government speech[2] or a nonpublic forum.  The City is aware of

---

[1] The City has not admitted these allegations, despite Plaintiff's suggestion to the contrary.  *See* Odquina's Mem. Opp., Dkt. 75 at PDF 7 n.6.  The City can respond to these factual allegations if needed, but accepts them as true solely for purposes of its Motion to Dismiss.

[2] The City notes that, since this Court issued its opinion in November 2022 (Dkt. 31), one additional court has concluded that license plate alphanumerics are not

only one case in which a court ruled on this issue, and the court concluded that the plaintiff "failed to identify a constitutionally-protected property interest sufficient to trigger a right to due process." *Tuttle v. Land*, No. 10-11221, 2010 U.S. Dist. LEXIS 52057, at *15 (E.D. Mich. May 27, 2010). The same court further ruled that, "even assuming that Plaintiff had a property interest …, the nature of the interest is de minimis." *Id.* at *16.

Odquina argues that his First Amendment interest *is* his property interest, but he conflates these constitutional principles and attempts – improperly – to fashion a substantive due process claim out of a First Amendment claim. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("Because we have always been reluctant to expand the concept of substantive due process, we held . . . that where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (cleaned up)). Odquina does not have a First Amendment property interest; therefore, his substantive due process claim fails. Indeed, Odquina does not have *any* protectable property interest in the alphanumeric combination "FCKBLM," such that his procedural due process claim fails as well.

---

government speech. *Gilliam v. Gerregano*, No. M2022-00083-COA-R3-CV, 2023 Tenn. App. LEXIS 229 (Ct. App. June 1, 2023), *appeal docketed*, 2023 Tenn. LEXIS 361 (Nov. 21, 2023).

Second, even if a motorist has a property interest in a specific alphanumeric combination, the City provided all process that was due.  Applying the three-factor test set forth by *Mathews v. Eldridge*, 424 U.S. 319 (1976), the City has a strong interest in controlling its property, *see* D.Ct. Order, Dkt. 31 at 22; Odquina's interest is minimal; and the risk of erroneous deprivation is low (particularly where, as here, there is no question that the alphanumeric combination is prohibited by the City's rules).  *See Perry v. McDonald*, 280 F.3d 159, 174 (2d Cir. 2001) (holding that, even if the plaintiff had a property interest in a specific alphanumeric combination, the plaintiff was provided all the process she was due). A post-deprivation process is more than sufficient.  *See id.*

Third, although Odquina spends a significant amount of time in his opposition brief discussing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978), *Monell* works against the Plaintiff here:  the City has a very clear policy to provide due process (memorialized in its administrative rules), and Plaintiff has not sued any individual City officials with respect to the alleged due process violation.

Fourth, Plaintiff's entire argument about "notice" is entirely misplaced:  he alleges (without any factual support) that information about the City's administrative process was not available.  But the due process "notice" requirement refers to notice *of the action being taken by the government*, which the

5

City provided:  the City informed Odquina that his license plate was being recalled because of the implied profanity.  Dkt. 62-2.  *See, e.g.*, *Simpson v. Brown Cty.*, 860 F.3d 1001, 1006 (7th Cir. 2017) ("The basic rights guaranteed by constitutional due process are notice *of the intended adverse government action* and an opportunity to be heard in response[.]" (emphasis added)); Henry J. Friendly, "Some Kind of Hearing," 123 *U. Penn. L. Rev.* 1267, 1280 (1975) ("It is likewise fundamental that notice be given and that it be timely and clearly inform the individual *of the proposed action* and the grounds for it." (emphasis added)).

Accordingly, the U.S. Supreme Court has held that individualized notice of available procedures is not required:

> [W]hen law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return.  Individualized notice that the officers have taken the property is necessary in a case such as the one before us because the property owner would have no other reasonable means of ascertaining who was responsible for his loss.

> No similar rationale justifies requiring individualized notice of state-law remedies which . . . are established by published, generally available state statutes and case law. Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him.  The City need not take other steps to inform him of his options.

*City of W. Covina v. Perkins*, 525 U.S. 234, 240-41 (1999) (citations omitted).  *See also Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 117 (S.D.N.Y. 1991) ("Research reveals that, faced with the question, courts have uniformly found a plaintiff claiming a due process entitlement to specific notice of the right to appeal unable to demonstrate a legally sound argument.").  In the instant case, the appeal process was memorialized in an administrative rule which, by City Charter, is on file with the City Clerk.  *See* Revised Charter of the City and County of Honolulu (Amended 2023) § 3-301.2 ("The city clerk shall . . . [t]ake charge of, safely keep and dispose of all books, papers and records which may properly be filed in the city clerk's office. . . .");[3] Hawai'i Revised Statutes ("HRS") § 91-4(a) (requiring that the City's administrative rules be filed with the City Clerk).

Odquina, meanwhile, offers only conclusory statements – without any factual support – to suggest the rules were unavailable.  Indeed, his sole allegation regarding the unavailability of the City's rules is as follows:

> 131. Based upon information and belief, County's rules pertaining to vanity license plates, specifically, the 1990 and 1994 versions of Rules 6.2 through 6.16 were, prior to August 19, 2021, the date when Odquina was supposed to turn in his vanity license plates after their being recalled as referenced in Exhibit 2, unavailable online through Westlaw or Lexis, *unavailable physically or electronically at the Director of Finance's office located in Honolulu City Hall and physically and*

---

[3] The Charter is available at https://bit.ly/Revised-Charter-HNL.  Section 3-301.2 appears at PDF pages 29-30.

> *electronically unavailable at any Department of Motor*
> *Vehicle or Department of Customer Service office or*
> *station in Honolulu County* and not posted on the
> websites of either the Director of Finance, the
> Department of Motor Vehicles, or the Department of
> Customer Services for County. . . .

Dkt. 62 at 42-43 (emphasis added).  Plaintiff alleges no facts (such as, *e.g.*, a claim

that the Plaintiff asked for the rules at various City offices but was told such rules

do not exist) to support these allegations.  Such conclusory statements do not

satisfy the *Iqbal/Twombly* standard.  The City had (and still has) an appeal process,

satisfying due process.

In sum, Odquina was given notice of the City's action (recall of the license

plate) and an opportunity to be heard (an administrative appeal).  Even if he had a

property interest in a specific alphanumeric combination, the City's procedures

satisfied due process.

\\

\\

\\

\\

\\

\\

\\

\\

## IV.   CONCLUSION

The City respectfully requests that this Court dismiss Odquina's First

Amended Complaint with prejudice.[4]

DATED:  Honolulu, Hawai'i, February 7, 2024.

DANA M.O. VIOLA
Corporation Counsel

By:   /s/ Daniel M. Gluck
DANIEL M. GLUCK
JUSTIN M. LUNEY
Deputies Corporation Counsel
Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

---

[4] One final note:  Odquina states, in response to the State's Rule 8 argument, that "[n]either State nor County had any difficulty identifying Odquina's claims."  Dkt. 76 at 19 (footnote omitted).  The City disagrees, as evidenced by numerous statements in its Memorandum expressing confusion as to Odquina's arguments. *See*, *e.g.*, Dkt. 66-1 at PDF 12 ("Odquina's Complaint now contains an entire count labeled 'Reasonableness,' . . . though it is unclear what, exactly, he alleges to be unreasonable."); *id.* at PDF 15 ("Perhaps Odquina means to bring a claim of selective enforcement. . . .").